# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0711 | **DATE** | 2/7/2008 |
| **CASE TITLE** | Jimmy Dale Miller (#2007-0049271) vs. Correctional Officer John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. Matthew J. O'Hara / Reed Smith, LLP / 10 S. Wacker Drive, 40th floor / Chicago, Illinois 60606 / (312) 207-1000 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within sixty days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. This matter is set for a report on status April 29, 2008, at 9:00 a.m.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical and mental health needs, by using excessive force against him, and by interfering with his access to the courts. More specifically, the plaintiff alleges that: (1) his requests for his psychotropic medications were ignored, resulting in a suicide attempt; (2) he was denied needed medical care for a back injury, eye problems, and other ailments; (3) guards beat him and hog-tied him (or stood by without intervening when fellow officers used unjustified force); and (4) the correctional staff denied him access to the law library and legal supplies and also tried to intimidate him from filing grievances and lawsuits.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing **(CONTINUED)**

mjm

**STATEMENT  (continued)**

fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

However, the complaint on file is unacceptable.  The complaint names mostly "John Doe" defendants and supervisory officials who likely would have had little direct, personal involvement in the events giving rise to this action.

Because the plaintiff does not appear to have the wherewithal to litigate this matter, the court hereby appoints Matthew J. O'Hara / Reed Smith, LLP / 10 S. Wacker Drive, 40th floor / Chicago, Illinois 60606 / (312) 207 1000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, he should so inform the court.  This matter is set for a report on status April 29, 2008, at 9:00 a.m.

Case 1:08-cv-00711    Document 8    Filed 02/07/2008    Page 2 of 2