UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIMMY DALE MILLER,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     No.: 1: 08-CV-00711
                                  )     Honorable Judge Robert W. Gettleman
C.O. JOHN DOE, et al.,            )
                                  )
            Defendants.           )
                                  )

## EX PARTE MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

Plaintiff Jimmy Dale Miller ("Mr. Miller"), by and through his undersigned court-appointed counsel, moves this Honorable Court for a 30-day extension of time to file an Amended Complaint in this matter. In support of this motion, Plaintiff states as follows:

1.      Mr. Miller is a pre-trial detainee, who has been housed at the Cook County Department of Corrections facility located in Chicago, Illinois since July 2007.

2.      On February 1, 2008, Mr. Miller filed a *pro se* action in this Court pursuant to 42 U.S.C. § 1983 alleging, among other things, that: (1) his requests for psychotropic medications were ignored, resulting in a suicide attempt; (2) he was not properly treated for his suicide attempt; (3) instead, he was brutally beaten and hog-tied by jail guards; (4) he was then denied medical treatment for the injuries sustained in the beating; and (5) he was denied access to the law library and intimidated from filing grievances and lawsuits.

3.      On February 22, 2008, this Court granted Plaintiff's motion for substitution of counsel, and appointed the undersigned counsel to represent Mr. Miller on a *pro bono* basis.

4.      Counsel have been in constant contact with Mr. Miller since that time, including

four in-person meetings and numerous telephone calls with him to investigate this action. In addition, Counsel have reviewed all pertinent documents in Mr. Miller's possession and have interviewed and tried to contact potential witnesses.

5.    On March 28, 2008, this Court granted Plaintiff's motion for leave to issue subpoenas to the Cook County Department of Corrections (DOC) and to Cermak Health Center, and extended the time until May 22, 2008 in which to file an Amended Complaint. To date, appointed counsel have had an opportunity to review Mr. Miller's medical records, some jail records, and certain related documents received from the Cook County Department of Corrections and Cermak Health Services. Counsel have not yet, however, received everything they need to identify all appropriate parties and claims. Therefore, on or about May 20, 2008, they issued two supplemental subpoenas attached hereto as Exhibit A.

6.    Accordingly, Plaintiff requests an extension of time until June 23, 2008 -- an additional thirty (30) days beyond the current deadline of May 22, 2008 – to obtain and review the subpoenaed records and to file an appropriate Amended Complaint with the Court.

7.    This request for an extension is justified by the following reasons: (i) Counsels' continued conversations with Mr. Miller have revealed potential claims against defendants that need to be investigated; (ii) the additional time will allow appointed counsel to serve subpoenas and obtain records that will help clarify the issues in this case and help counsel comply with their Rule 11 obligations; and (iii) no defendant will be prejudiced by this extension because no summons have yet been issued in this matter.

WHEREFORE, Jimmy Dale Miller prays for an order:

(a)    Granting Plaintiff an extension of time until and including June 23, 2008, to file an appropriate Amended Complaint with the Court; and

CHILIB-2168901.2-KMCOBB  5/20/08 2:49 PM

(b)     Granting such other and further relief as the Court deems appropriate.

Dated:  May 20, 2008                         Respectfully submitted,


                                  By:___ s/ Kendric M. Cobb_____
                                        Henry Pietrkowski (IL #6230048)
                                        Kendric M. Cobb (IL #6282673)
                                        REED SMITH LLP
                                        10 South Wacker Drive
                                        Chicago, IL  60606-7507
                                        Telephone:   +1 312 207 1000
                                        Facsimile:     +1 312 207 6400

                                        *Counsel for Plaintiff* Jimmy Dale Miller

CHILIB-2168901.2-KMCOBB  5/20/08 2:49 PM

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

JIMMY DALE MILLER

V.

C.O. JOHN DOE, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:08-cv-00711

TO:  Cook County Department of Corrections
Legal Department, Division 5
2700 South California
Chicago, IL  60608

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Kendric M. Cobb, Reed Smith LLP, 10 South Wacker Dr. - 40th Flr., Chicago, IL 60606 | DATE AND TIME    6/7/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE    5/20/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kendric M. Cobb/Reed Smith LLP/10 S. Wacker Dr./Chicago, IL 60606  (312) 207-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A TO PLAINTIFF'S
## SUBPOENA FOR DOCUMENTS
### DEFINITIONS

1.      The term "Jimmy Dale Miller," as used herein, means Jimmy Dale Miller a/k/a

Jimmie Dale Miller, date of birth June 25, 1968, Cook County prisoner identification number

2007-0049271.

2.      The term "document," as used herein, shall have its broadest meaning possible under

the Federal Rules of Civil Procedure, including, without limitation, all written or printed matter of

any kind, including the originals and all non-identical copies thereof, whether different from the

originals by reason of any notation made on such copies or otherwise, including, without limitation,

correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agenda, contracts,

agreements, reports, summaries, inter-office and intra-office communications, notations of any sort

of conversations, diaries, appointment books or calendars, teletype, telefax, confirmations, computer

data (including information or programs stored in a computer, whether or not ever printed out or

displayed) and all drafts, alterations, modifications, changes and amendments of any of the

foregoing, all graphic or manual records of representations of any kind, including, without

limitation, photographs, microfiche, microfilm, videotape, records and motion pictures, and

electronic, mechanical, or optical records and representations of any kind including, without

limitation, e-mail, tapes, cassettes, discs, magnetic cards and recordings.

3.      The term "electronically stored information" or "ESI" shall mean information

created, manipulated, communicated, stored, and/or best utilized in digital form, including any

information requiring the use of computer hardware and/or software to produce.

4.      The terms "you" or "your" means Cook County Department of Corrections.

5.      The term "all documents and ESI," as used herein, means every document and all

ESI known to you within your custody, possession or control or within the custody, possession or

control of your attorneys, agents and representatives, whether an original, copy or draft, and every such document or writing which you can locate or discover by reasonably diligent efforts.

6.    The term "medical records," as used herein, shall have its broadest meaning possible under the Federal Rules of Civil Procedure, including, without limitation, face sheets, x-ray images, cardiology reports, lab test results, EKG reports, physician notes, nurse notes, medical charts, correspondence, surgery notes, technician notes, photographs, prescriptions, and any other documents relating to medical services performed by any physician, medical student, resident, physical therapist, intern or nursing staff, regardless of whether medical treatment was performed on an inpatient, outpatient, or other basis.

7.    The term "all medical records," as used herein, means every medical record known to you within your custody, possession or control or within the custody, possession or control of your attorneys, agents and representatives, whether an original, copy or draft, and every such medical record, document, or writing which you can locate or discover by reasonably diligent efforts.

8.    The term "and," as used herein, means and/or.

9.    The term "or," as used herein, means and/or.

10.    The term "any," as used herein, means each and every.

11.    The terms "all" and "each," as used herein, shall be construed as "all and each."

12.    The term "relating to," as used herein, means directly or indirectly, in whole or in part, referring to, concerning, connected with, commenting on, impinging or impacting upon, affecting, responding to, explaining, showing, describing, analyzing, reflecting, evidencing, or constituting.

2

## INSTRUCTIONS

1.    In responding to this Subpoena for Documents ("Subpoena"), you shall furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody or control of your attorneys, agents and representatives and every document which you can locate or discover by reasonably diligent efforts. You shall also supplement your response whenever necessary in accordance with the Federal Rules of Civil Procedure.

2.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following:

   (a)    the date(s) the document was created, sent and received;
   (b)    the name, the present or last home and business addresses, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, or reproduced, or who were recipients of, said document;
   (c)    A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);
   (d)    the location of the document;
   (e)    the custodian of the document; and
   (f)    each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the document is marked "redacted" and provided further that the above-requested identification is furnished.

3.    Each document requested herein is requested to be produced in its entirety without deletion or exclusions, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.    Each request herein should be construed independently and not with reference to any other request for the purposes of limitation.

3

5.    If you, or any of your agents, at any time had possession or control of a document called

for under this Subpoena, and that document has been lost, destroyed, purged or is not presently in

your possession or control, or under the possession or control of your attorneys or other agents,

please describe the document, the date of its loss, destruction, purge, or separation from the

possession or control of you or your attorneys or agents, and the circumstances surrounding its loss,

destruction, purge or separation from possession.

## DOCUMENTS REQUESTED

1.    Any and all documents, electronically stored information, including but not limited to, staff personnel sign-in logs, assignment sheets, movement logs, and a schedule of all staff on duty, relating to the second shift (covering 3 p.m. to 11 p.m.) on October 18, 2007 for your Division 8.  This request specifically includes all documents relating to your staff members who were present at Cermak Health Services during that time period.

2.    A full and complete copy of video tape #06-2007-054, which was taken by CCDOC staff on October 18, 2007, and is referenced in Officer R. Haddad's Incident Report of the same date.

3.    Any and all documents, including but not limited to photographs, necessary to identify Officer Jones, badge number 3702, and Officer Johnson, badge number 4361.

4.    Any and all grievances filed by Jimmy Dale Miller.

5.    Any and all incident reports relating to Jimmy Dale Miller.

4

≈AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN _____ · ___ DISTRICT OF _____ ILLINOIS

JIMMY DALE MILLER

V.

C.O. JOHN DOE, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:08-cv-00711

TO:  Cermak Health Services
     2800 South California
     Chicago, IL 60608
     ATTN: Medical Records

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Kendric M. Cobb, Reed Smith LLP, 10 South Wacker Dr. - 40th Flr., Chicago, IL 60606 | DATE AND TIME 6/7/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE 5/20/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kendric M. Cobb/Reed Smith LLP/10 S. Wacker Dr./Chicago, IL 60606  (312) 207-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A TO PLAINTIFF'S
## SUBPOENA FOR DOCUMENTS

### DEFINITIONS

1.     The term "Jimmy Dale Miller," as used herein, means Jimmy Dale Miller a/k/a Jimmie Dale Miller, date of birth June 25, 1968, Cook County prisoner identification number 2007-0049271.

2.     The term "document," as used herein, shall have its broadest meaning possible under the Federal Rules of Civil Procedure, including, without limitation, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletype, telefax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records of representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures, and electronic, mechanical, or optical records and representations of any kind including, without limitation, e-mail, tapes, cassettes, discs, magnetic cards and recordings.

3.     The term "electronically stored information" or "ESI" shall mean information created, manipulated, communicated, stored, and/or best utilized in digital form, including any information requiring the use of computer hardware and/or software to produce.

4.     The terms "you" or "your" means Cermak Health Services.

5.    The term "all documents and ESI," as used herein, means every document and all ESI known to you within your custody, possession or control or within the custody, possession or control of your attorneys, agents and representatives, whether an original, copy or draft, and every such document or writing which you can locate or discover by reasonably diligent efforts.

6.    The term "medical records," as used herein, shall have its broadest meaning possible under the Federal Rules of Civil Procedure, including, without limitation, face sheets, x-ray images, cardiology reports, lab test results, EKG reports, physician notes, nurse notes, medical charts, correspondence, surgery notes, technician notes, photographs, prescriptions, and any other documents relating to medical services performed by any physician, medical student, resident, physical therapist, intern or nursing staff, regardless of whether medical treatment was performed on an inpatient, outpatient, or other basis.

7.    The term "all medical records," as used herein, means every medical record known to you within your custody, possession or control or within the custody, possession or control of your attorneys, agents and representatives, whether an original, copy or draft, and every such medical record, document, or writing which you can locate or discover by reasonably diligent efforts.

8.    The term "and," as used herein, means and/or.

9.    The term "or," as used herein, means and/or.

10.    The term "any," as used herein, means each and every.

11.    The terms "all" and "each," as used herein, shall be construed as "all and each."

12.    The term "relating to," as used herein, means directly or indirectly, in whole or in part, referring to, concerning, connected with, commenting on, impinging or impacting upon,

2

affecting, responding to, explaining, showing, describing, analyzing, reflecting, evidencing, or constituting.

## INSTRUCTIONS

1.    In responding to this Subpoena for Documents ("Subpoena"), you shall furnish all documents in your possession, custody, or control at the time of production, including documents in the possession, custody or control of your attorneys, agents and representatives and every document which you can locate or discover by reasonably diligent efforts. You shall also supplement your response whenever necessary in accordance with the Federal Rules of Civil Procedure.

2.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following:

(a)    the date(s) the document was created, sent and received;

(b)    the name, the present or last home and business addresses, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, or reproduced, or who were recipients of, said document;

(c)    A description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

(d)    the location of the document;

(e)    the custodian of the document; and

(f)    each and every fact or basis on which such privilege is claimed or on which the document is otherwise withheld.

Notwithstanding the assertion of your objection, any requested document which you object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the document is marked "redacted" and provided further that the above-requested identification is furnished.

3

3.      Each document requested herein is requested to be produced in its entirety without deletion or exclusions, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.      Each request herein should be construed independently and not with reference to any other request for the purposes of limitation.

5.      If you, or any of your agents, at any time had possession or control of a document called for under this Subpoena, and that document has been lost, destroyed, purged or is not presently in your possession or control, or under the possession or control of your attorneys or other agents, please describe the document, the date of its loss, destruction, purge, or separation from the possession or control of you or your attorneys or agents, and the circumstances surrounding its loss, destruction, purge or separation from possession.

## DOCUMENTS REQUESTED

1.      Any and all documents relating to staff on duty on the second shift (3 p.m. to 11 p.m.) on October 18, 2007, including, but not limited to photographs of staff on duty, staff sign-in books, logs, assignment sheets, movement logs, and a full schedule of staff on duty.

2.      Any and all records relating to your policy, custom, or practice of referring inmate patients to a neurologist or any other outside medical specialists.

3.      Any and all documents, including but not limited to photographs, necessary to identify Dr. Stein, one of your mental health professionals.

4.      Any and all documents necessary to identify your staff members who had contact with, treated, or evaluated Jimmy Dale Miller on October 18, 2007, including but not limited to, the nurses, doctors, and any other persons who were present in the emergency room during the second shift (3 p.m. to 11 p.m.).

4