**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIMMY DALE MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY, ILLINOIS, an Illinois municipal corporation; SHERIFF'S CORRECTIONAL OFFICER JOHNNY JONES, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER ELTON JOHNSON, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER CODDINGTON, in his individual and official capacities; UNKNOWN COOK COUNTY PHYSICIAN, in his individual and official capacities; and DR. STEIN, in her individual and official capacities,<br><br>Defendants. | **Plaintiff Demands Trial By Jury**<br><br>No.: 1: 08-CV-00711<br>Honorable Judge Gettleman |

## FIRST AMENDED COMPLAINT

Plaintiff, Jimmy Dale Miller ("Mr. Miller"), by and through his court-appointed attorneys, files this First Amended Complaint against Defendants, Cook County, Illinois ("Cook County"), Sheriff's Correctional Officer Johnny Jones ("Jones"), Sheriff's Correctional Officer Elton Johnson ("Johnson"), Sheriff's Correctional Officer Coddington ("Coddington"), an Unknown Cook County Physician ("Dr. Doe"), and Dr. Stein, and alleges as follows.

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants acting under color of law, and seeks to recover monetary damages and injunctive relief for the deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States

Constitution. Accordingly, jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff's claim for injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) as all or a substantial part of the events giving rise to the claims contained herein occurred within this judicial district.

### PARTIES

3. Mr. Miller is a pretrial detainee at the Cook County Department of Corrections ("CCDOC") located in Chicago, Illinois. He has been detained at CCDOC since July 3, 2007.

4. Cook County operates the CCDOC as a division of the Cook County Sheriff's Office.

5. Johnny Jones, badge number 3702, is a correctional officer at the CCDOC and is an employee of Cook County. Jones is being sued in both his individual and official capacities.

6. Elton Johnson, badge number 4361, is a correctional officer at the CCDOC and is an employee of Cook County. Johnson is being sued in both his individual and official capacities.

7. Coddington is a correctional officer at the CCDOC and is an employee of Cook County. Coddington is being sued in both his individual and official capacities.

8. On information and belief, Dr. Doe provides health care services to inmates at CCDOC through Cermak Health Services. Dr. Doe is being sued in both his official and individual capacities.

9. On information or belief, Dr. Stein provides mental health services to detainees at the CCDOC through Cermak Health Services. Dr. Stein is being sued in both her official and individual capacities.

10. At all times relevant to this action, Jones, Johnson and Coddington were duly appointed officers of the CCDOC and acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, Cook County and the CCDOC.

11. At all times relevant to this action, Dr. Doe and Dr. Stein were health care personnel providing services to detainees of the CCDOC, and acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, Cook County and the CCDOC.

## COUNT I
### (Against Jones, Johnson and Coddington)

12. Plaintiff realleges and incorporates paragraphs 1 through 7 and 10 above as stated in full herein.

13. On October 18, 2007, Mr. Miller attempted suicide by consuming over fifty pills while in his cell at CCDOC.

14. Mr. Miller was taken to Cermak Health Services for treatment.

15. Jones, Johnson and Coddington were on duty, in uniform, and acting within the scope of their authority as correctional officers on October 18, 2007.

16. Both Jones and Johnson were with Mr. Miller at Cermak Health Services on October 18, 2007, and did there and then intentionally, maliciously, and sadistically beat Mr. Miller by committing acts including, but not limited to, the following:

    (a)    choking Mr. Miller;

    (b)    punching Mr. Miller about the face and body;

    (c)    hog-tying Mr. Miller and dragging him across the floor on his stomach; and

   (d) hitting and kicking Mr. Miller until he bled.

 17. Coddington watched portions of the October 18, 2007 beating and did nothing to stop the beating in violation of his duty to protect Mr. Miller from Officers Jones' and Johnson's use of excessive force.

 18. As a result of the October 18, 2007 beatings, Mr. Miller suffered physical injury and severe pain that continues as of the date of this Complaint.

 19. Jones', Johnson's and Coddington's actions violated Mr. Miller's rights as defined under the Fourteenth Amendment of the U.S. Constitution to refrain from using excessive force constituting cruel and unusual punishment.

 WHEREFORE, Plaintiff prays for an order granting the following relief against Jones, Johnson and Coddington, in both their individual and/or official capacities:

   (a) compensatory damages in an amount to be determined at trial;

   (b) punitive damages in an amount to be determined at trial; and

   (c) costs, attorneys' fees, and any other relief this Court deems appropriate.

## COUNT II
### (Against Dr. Stein, Dr. Doe and Cook County)

 20. Plaintiff realleges and incorporates paragraphs 1 through 4, 8, 9, and 11 above as stated in full herein.

 21. On or about July 3, 2007, Mr. Miller first arrived at CCDOC and informed Dr. Stein that he had been prescribed and had been taking psychiatric medications for years, and that he had been hospitalized following a previous suicide attempt. Mr. Miller requested that psychiatric medications be provided to him during his time at CCDOC.

22. Upon information and belief, at all relevant times, Dr. Stein was on duty as a mental health professional, and was acting within the scope of her authority to provide mental health services on behalf of Cook County.

23. Dr. Stein refused to provide Mr. Miller with the requested psychiatric medications despite having performed no independent medical or psychiatric evaluation of Mr. Miller and despite her having actual knowledge that Mr. Miller had been prescribed psychiatric medications in the past and despite Mr. Miller's obvious and objectively serious need for psychiatric medications.

24. Dr. Stein's refusal to provide Mr. Miller with the previously prescribed medications or even to evaluate Mr. Miller's mental health was done with deliberate indifference.

25. Mr. Miller repeated his requests to Dr. Stein for psychiatric medications throughout the fall of 2007, but each request was denied.

26. On October 18, 2007, Mr. Miller was feeling depressed and attempted suicide by taking an overdose of pills that were in his cell. This overdose was caused, in part, by Dr. Stein's refusal to provide mental health treatment and/or psychiatric medication to Mr. Miller.

27. Mr. Miller was taken to Cermak Health Services where he underwent a mental health evaluation and was subsequently placed on psychiatric medications.

28. On October 18, 2007, while at Cermak Health Services awaiting treatment for the overdose, Mr. Miller was beaten by Jones and Johnson.

29. After the beating, the examining physician, Dr. Doe, performed only a cursory evaluation of Mr. Miller's condition, and did nothing to treat Mr. Miller's recent drug overdose. On information and belief, Dr. Doe refused to treat Mr. Miller despite having actual knowledge

that Mr. Miler had ingested an overdose of prescription drugs and that Mr. Miller had just been beaten by CCDOC officers. As a result of the beating, Mr. Miller was bleeding from the mouth and showed obvious and objectively serious signs of trauma that Dr. Doe ignored with deliberate indifference.

30. Upon information and belief, Dr. Doe was on duty as a medical professional, and was acting within the scope of his authority to provide medical services on behalf of Cook County.

31. Dr. Doe's refusal to treat, or even physically examine, Mr. Miller was done with deliberate indifference.

32. As a result of, and shortly after, the October 18, 2007 beating, Mr. Miller began experiencing severe neck pain that radiated down his left arm and numbness of his left thumb, index finger, and forearm that continues as of the date of this Complaint.

33. Mr. Miller complained to numerous CCDOC staff persons, both orally and in writing, about his pain and discomfort and has received some medical treatment, including some physical therapy. However, none of these treatments have been effective.

34. Mr. Miller was informed by medical personnel at CCDOC that his injuries could be nerve injuries and that he should be evaluated for treatment by a neurologist.

35. Mr. Miller has made numerous requests for such an evaluation by a neurologist, yet has been informed that it is the custom, practice and/or usage of Cook County to deny such requests because there is no neurologist on site.

36. Mr. Miller's injuries are substantial and objectively serious. Any further delay in seeking a neurological evaluation could cause him severe or irreparable harm.

37. Mr. Miller's remedies at law are inadequate as they will not provide him with the neurological evaluation that he needs.

38. Cook County, Dr. Doe and Dr. Stein have violated Mr. Miller's Fourteenth Amendment rights under the U.S. Constitution by committing at least the following actions despite having actual knowledge of Mr. Miller's serious medical needs:

(a) acting with deliberate indifference in refusing to provide psychiatric medications for a period of over four months until after Mr. Miller attempted suicide;

(b) acting with deliberate indifference in refusing to treat Mr. Jones for injuries sustained in his brutal beating by prison guards and his drug overdose on October 18, 2007;

(c) acting with deliberate indifference in refusing to have Mr. Miller's injuries and numbness on the left side of his body examined by a neurologist.

WHEREFORE, Plaintiff prays for an order granting the following relief:

(a) compensatory damages against Dr. Doe and Dr. Stein, in both their individual and official capacities, in an amount to be determined at trial;

(b) punitive damages against Dr. Doe and Dr. Stein, in their individual capacities, in an amount to be determined at trial;

(c) an injunction compelling Cook County to have Mr. Miller evaluated by a neurologist; and

(d) costs, attorneys' fees, and any other relief this Court deems appropriate.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Mr. Miller requests a jury trial pursuant to Federal Rule of Civil Procedure 38(a) on all claims for which a jury trial is available.

- 8 -

Dated:  June 23, 2008                                    Respectfully submitted,


                                                         By:    /s Henry Pietrkowski
                                                              Henry Pietrkowski (IL #6230048)
                                                              Kendric M. Cobb (IL #6282673)
                                                              REED SMITH LLP
                                                              10 South Wacker Drive
                                                              Chicago, IL  60606-7507
                                                              Telephone:   +1 312 207 1000
                                                              Facsimile:    +1 312 207 6400

                                                              *Counsel for Plaintiff* Jimmy Dale Miller