UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DALE MILLER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 711 |
| v. ) | |
| ) | Honorable Judge |
| COOK COUNTY, ILLINOIS, an Illinois ) | Robert W. Gettleman |
| Municipal Corporation; SHERIFF'S ) | |
| CORRECTIONAL OFFICER JOHNNY, ) | |
| JONES, in his individual and official ) | |
| Capacities; SHERIFF'S CORRECTIONAL ) | |
| OFFICER ELTON JOHNSON, in his ) | |
| Individual and official capacities; SHERIFF'S ) | |
| CORRECTIONAL OFFICER CODDINGTON, ) | |
| In his individual and official capacities; ) | |
| UNKNOWN COOK COUNTY PHYSICIAN, ) | |
| In his individual and official capacities; and DR. ) | |
| STEIN, in her individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes the defendant, County of Cook, by its attorney Richard A. Devine, by and through his assistant, Jack G. Verges, and pursuant to Fed.R.Civ.P. 12(b)(6), move this Honorable court to dismiss Plaintiff's First Amended Complaint against it for failure to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (*quoting* Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030,

1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

### DEFENDANT COUNTY OF COOK CANANOT BE HELD LIABLE FOR THE ALLEGED CONDUCT OF THE SHERIFF, HIS DEPUTIES, OR HEALTH CARE AT PROVIDERS CERMAK HEALTH SERVICES.

As a matter of law, the Sheriff and his deputies (Jones, Johnson, Coddington) are not County employees and, as a result, the County cannot be held directly liable for the alleged conduct of the Sheriff or his deputies. *See Moy v. County of Cook*, 159 Ill.2d 519, 530, 640 N.E.2d 926, 931 (1994)(holding that the Sheriff is an "officer and, as such, is not an employment relationship with the County of Cook" and "therefore the county may not be held vicariously liable for the sheriff's alleged negligent conduct.") *Accord O'Connor v. County of Cook*, 787 N.E. 2d 185, 2003 Ill.

App. LEXIS 279, *15 (1st Dist. March 10, 2003)(following *Moy* and holding that the County does not "bear any vicarious liability for the acts and omissions of the Sheriff and his staff.") Similarly, health care providers at Cermak Health Services (Dr. Stein, Dr. Doe) are not in a direct employment relationship with the County of Cook and therefore the County may not be held vicariously liable for their negligent act. Indeed, the Sheriff of Cook County is an independently elected constitutional officer who answers only to the electorate, not to the County government. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989); *cert. denied*, 495 U.S. 929

2

(1990); accord Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995)(dismissing the plaintiff's §1983 claims against DuPage County based upon the alleged conduct of the DuPage County Sheriff and stating that "it is plain that the county was properly dismissed; Illinois sheriffs are independently elected officials not subject to the control of the county.") Cook County deputy sheriff and employees of the Department of Corrections are appointed by the Sheriff and perform all of their duties in the name of the Sheriff. 745 ILCS 5/3-6008 and 5/3-6015. As a matter of law, the County lacks the authority to establish any policies concerning training or the performance of duties by employees of the Sheriff's office. *Thompson*, 882 F.2d at 1187. Thus, the County cannot be liable pursuant to Sections 1983 and 1985(2) for policies or customs of a separate entity over which the County has no control. *Id*.

It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as a result of an official policy, custom or practice. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1977). In Monell, the Supreme Court held:

> [A]local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairy be said to represent official policy, inflicts the injury that a government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694, 98 S.Ct. at 2037.  Plaintiff must allege a "specific pattern or series of incidents that support that general allegation" that a policy, custom or practice was in existence in the governmental entity.  *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir. 1986).

The Seventh Circuit has outlined what showing must be made by a plaintiff in an official capacity suit:

The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy:  (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a `custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."  *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted).   Most importantly, a plaintiff must establish that the municipal policies or customs were the "moving force" behind the alleged constitutional tort.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981).  See also *Colburn*, 946 F.2d at 1027; and *Beddingfield v. City of Pulaski, Tenn.*, 861 F.2d 968, 971 (6th Cir. 1988).

Plaintiff, in his First Amended Complaint alleges in paragraph #35 that it is the custom, practice, and/or usage of Cook County to deny requests for an evaluation by a neurologist because there is no  neurologist on sight does not give rise to a constitutional violation or *Monell* claim applying the rationale of the above cited cases.  There is no allegation of a constitutional harm caused by not seeing a Neurologist at the Cermak Health Center.

Furthermore, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice.  *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir.

4

1994).  Moreover, boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a § 1983 claim.  *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago*, 760 F.2d 765, 767-769, (7th Cir. 1985).

In *Hossman*, the Court stated: "alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id*.; See also:  *Williams v. City of Chicago*, 525 F.Supp. 85 (N.D. Ill. 1981).  In *Rodgers v. Lincoln Towing Service*, Inc., 596 F.Supp. 13, 20 (N.D. Ill. 1984), the court stated, "[S]uch boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions."

## CONCLUSION

Based upon the foregoing, the First Amended Complaint against Defendant County of Cook should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, with prejudice.

                              Respectfully Submitted,

                              RICHARD A. DEVINE
                              State's Attorney of Cook County

                              By: /s/ Jack G. Verges
                                    JACK G. VERGES
                                    Assistant State's Attorney
                                    500 Richard J. Daley Center
                                    Chicago, IL  60602
                                    (312) 603-3469
                                    # 6186215