UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DALE MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY, ILLINOIS, an Illinois municipal corporation; SHERIFF'S CORRECTIONAL OFFICER JOHNNY JONES, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER ELTON JOHNSON, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER CODDINGTON, in his individual and official capacities; UNKNOWN PHYSICIAN in his individual and official capacities; and DR. STEIN, in her individual and official capacities,<br><br>Defendants. | No.: 1:08-CV-00711<br><br>Honorable Judge Robert W. Gettleman |

## JOINT INITIAL STATUS REPORT

Plaintiff Jimmy Dale Miller and Defendant Cook County, Illinois, by and through their respective attorneys, hereby submit this Joint Status Report in conformance with the Court's current standing order, and state as follows:

1. This matter is set for status before the Court on August 28, 2008 at 9:00 a.m.

2. Court-appointed attorneys of record for Plaintiff are Henry Pietrkowski and Kendric Cobb of Reed Smith LLP. The attorney of record for Defendant Cook County is Jack Verges of the Cook County State's Attorney's Office. It is currently expected that Mr. Pietrkowski and Mr. Verges will serve as trial counsel.

3. This case is brought pursuant to 42 U.S.C. § 1983. Accordingly, the Court's jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

4. Plaintiff has requested a trial by jury.

5. Plaintiff brings two claims against Defendants: 1) that excessive force was used against him on October 18, 2007 when he was beaten and kicked by prison staff; and 2) that his serious medical needs went unmet when he was denied psychotropic medications from July 2007 through October 2007 resulting in a suicide attempt; when he was denied treatment for that same suicide attempt and for the injuries sustained in the October 2007 beating; and for the continuing denial of treatment for pain and tingling sensations on his left side resulting from the October 2007 beating for which he has not yet been evaluated by a neurologist for possible nerve injuries.

6. Currently, Plaintiff is seeking monetary damages from Defendants in an amount that cannot yet be determined, and injunctive relief against Defendant Cook County only.

7. The following defendants have not yet been served: Officer Jones, Officer Johnson, Officer Coddington, Dr. Stein, and "unknown Cook County Physician."

8. The principal legal issue is whether Plaintiff's Fourteenth Amendment right to be free from cruel and unusual punishment was violated by Defendants' use of force and/or denial of medical treatment. Excessive physical force against inmates is forbidden under the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). In addition, the Eighth Amendment is violated by deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). These Eighth Amendment protections extend to Plaintiff, a pre-trial detainee, under the Fourteenth Amendment. *Cavaleri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003).

9. Plaintiff states that the principal factual issues are: 1) whether Defendants Jones and Johnson sadistically and maliciously beat Plaintiff on October 18, 2007; 2) whether Defendant

Coddington watched the beating and failed to protect Plaintiff; 3) Whether Defendant Dr. Stein deliberately denied Plaintiff psychotropic medications despite having actual knowledge that he was prescribed such medications before admission to the Cook County Jail and that he had made a previous suicide attempt; 4) whether Defendant Unknown Cook County Physician deliberately denied Plaintiff treatment on October 18, 2007 despite having actual knowledge that Plaintiff had just made a suicide attempt and had just been beaten by prison guards; and 5) whether Defendant Cook County maintains a practice, custom, policy, or procedure of denying inmates access to specialized medical care that results in Plaintiff's inability to have his continuing injuries sustained in the October 2007 beating evaluated by a neurologist.

Defendant Cook County, as the only defendant served, states that it is not yet in a position to comment on any factual disputes.

10. Defendant Cook County has filed a Motion to Dismiss Plaintiff's First Amended Complaint. However, Plaintiff intends to file a motion for leave to file a Second Amended Complaint on or before August 28, 2008. Plaintiff also anticipates that he will file a motion for leave to issue expedited discovery regarding the identities and locations of the individual defendants (for purposes of serving them with the Complaint and Summons) on or before August 28, 2008. The parties further anticipate that Cook County will file a motion for summary judgment at the conclusion of the discovery period. In addition, the parties anticipate that there will be motions in limine filed immediately prior to trial.

11. The parties propose the following discovery plan: 1) oral and written fact discovery will close 120 days after all Defendants are served; 2) expert discovery (including both expert reports and depositions) will close 90 days after the close of fact discovery.

12. The parties anticipate that the earliest possible date that we will be ready for trial is July 5, 2009. The trial is anticipated to last one full week.

13. There have been no settlement negotiations between the parties. Defendant Cook County believes that it is premature to engage in such negotiations pending the outcome of its dismissal motion and before conducting its internal investigation and taking Plaintiff's deposition.

14. The parties do not consent to trial before a magistrate judge at this time.

Dated: August 22, 2008

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| JIMMY DALE MILLER | COOK COUNTY |
| By: ___s/ Henry Pietrkowski___<br>One of His Attorneys | By: ___s/ Jack G. Verges___<br>One of Its Attorneys |
| Henry Pietrkowski (IL #6230048)<br>Kendric M. Cobb (IL #6282673)<br>REED SMITH LLP<br>10 South Wacker Drive<br>Chicago, IL  60606-7507<br>Telephone:     (312) 207 1000<br>Facsimile:      (312) 207 6400 | Jack G. Verges (IL #6186215)<br>Assistant State's Attorney<br>State's Attorney of Cook County<br>500 Richard J. Daley Center<br>Chicago, Illinois  60602<br>Telephone:     (312) 603-3469<br>Facsimile:      (312) 603-3469 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I caused a true and correct copy of the foregoing **Joint Initial Status Report** to be filed via the Court's CM/ECF system, which will send notification to:

>   Jack G. Verges
>   Assistant State's Attorney
>   State's Attorney of Cook County
>   500 Richard J. Daley Center
>   Chicago, IL 60602
>   jverges@cookcountygov.com

>   By: ___s/ Kendric M. Cobb___
>   Henry Pietrkowski (IL #6230048)
>   Kendric M. Cobb (IL #6282673)
>   REED SMITH LLP
>   10 South Wacker Drive
>   Chicago, IL 60606-7507
>   Telephone: +1 312 207 1000
>   Facsimile: +1 312 207 6400

>   *Counsel for Plaintiff* Jimmy Dale Miller