**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIMMY DALE MILLER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOM DART, Sheriff of Cook County, in his official capacity; SHERIFF'S CORRECTIONAL OFFICER JOHNNY JONES, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER ELTON JOHNSON, in his individual and official capacities; SHERIFF'S CORRECTIONAL OFFICER JOHN CODDINGTON, in his individual and official capacities; COOK COUNTY, ILLINOIS, an Illinois municipal corporation, and its division, COOK COUNTY BUREAU OF HEALTH SERVICES; CERMAK HEALTH SERVICES OF COOK COUNTY; DR. ANDREW DEFUNIAK, in his individual and official capacities; and DR. LESLIE STEIN, in her individual and official capacities, | ) No.: 1:08-CV-00711<br><br>Honorable Judge Robert W. Gettleman |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT**

Plaintiff, Jimmy Dale Miller ("Mr. Miller"), by and through his court-appointed attorneys, files this Second Amended Complaint against Defendants, Sheriff Tom Dart ("Sheriff Dart"), Sheriff's Correctional Officer Johnny Jones ("Jones"), Sheriff's Correctional Officer Elton Johnson ("Johnson"), Sheriff's Correctional Officer John Coddington ("Coddington"), Cook County, Illinois, and its division, Cook County Bureau of Health Services ("Cook County"), Cermak Health Services of Cook County ("Cermak Health Services"), Dr. Andrew DeFuniak ("Dr. DeFuniak"), and Dr. Leslie Stein ("Dr. Stein"), and alleges as follows.

2199459.4

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants acting under color of law, and seeks to recover monetary damages and injunctive relief for the deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. Accordingly, jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Plaintiff's claim for injunctive relief also is authorized by Rule 65 of the Federal Rules of Civil Procedure.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the actions giving rise to the claims contained herein occurred within this judicial district.

## PARTIES

3. Plaintiff Jimmy Dale Miller is a pretrial detainee at the Cook County Jail located in Chicago, Illinois. He has been detained at this jail since July 3, 2007.

4. Sheriff Dart operates the Cook County Department of Corrections ("CCDOC") as a division of the Cook County Sheriff's Office. Sheriff Dart is being sued only in his official capacity.

5. Johnny Jones, badge number 3702, is a correctional officer at the Cook County Jail and is an employee of Sheriff Dart and the CCDOC. Jones is being sued in both his individual and official capacities.

6. Elton Johnson, badge number 4361, is a correctional officer at the Cook County Jail and is an employee of Sheriff Dart and the CCDOC. Johnson is being sued in both his individual and official capacities.

7. John Coddington is a correctional officer at the CCDOC and is an employee of Sheriff Dart and the CCDOC. Coddington is being sued in both his individual and official capacities.

8. At all times relevant to this action, Jones, Johnson, and Coddington were duly appointed officers of the CCDOC and acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, the Cook County Sheriff's office and the CCDOC.

9. Cook County, Illinois is a municipal corporation. The Cook County Bureau of Health Services is one of its divisions. These entities are collectively referred to as "Cook County."

10. On information and belief, Cermak Health Services is part of the Cook County Bureau of Health. The doctors and other staff at Cermak Health Services of Cook County are Cook County employees.

11. Dr. Andrew DeFuniak is a physician that provides health care services to inmates at CCDOC through Cermak Health Services. Dr. DeFuniak is being sued in both his official and individual capacities.

12. Dr. Leslie Stein is a physician that provides mental health services to detainees at the CCDOC through Cermak Health Services. Dr. Stein is being sued in both her official and individual capacities.

13. At all times relevant to this action, Dr. DeFuniak and Dr. Stein were health care personnel providing services to detainees of the CCDOC, and acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, the Cook County Bureau of Health and Cermak Health Services.

## COUNT I
### (Against Officers Jones, Johnson and Coddington in their individual capacities)

14.     Plaintiff realleges and incorporates paragraphs 1-8 above as stated fully herein.

15.     On October 18, 2007, Mr. Miller attempted suicide by consuming over fifty pills while in his cell at CCDOC.

16.     Mr. Miller was taken to Cermak Health Services for treatment.

17.     Officers Jones, Johnson and Coddington were on duty, in uniform, and acting within the scope of their authority as correctional officers on October 18, 2007.

18.     Both Officers Jones and Johnson were with Mr. Miller at Cermak Health Services on October 18, 2007, and did there and then intentionally, maliciously, and sadistically beat Mr. Miller by committing acts including, but not limited to, the following:

        (a)     choking Mr. Miller;

        (b)     punching Mr. Miller about the face and body;

        (c)     hog-tying Mr. Miller and dragging him across the floor on his stomach; and

        (d)     hitting and kicking Mr. Miller until he bled.

19.     Officer Coddington watched portions of the October 18, 2007 beating and did nothing to stop the beating in violation of his duty to protect Mr. Miller from Officers Jones and Johnson's use of excessive force.

20.     As a result of the October 18, 2007 beatings, Mr. Miller suffered physical injury and severe pain that continues as of the date of this Complaint, including, but not limited to, bleeding from the mouth and severe neck pain that radiated down his left arm and numbness of his left thumb, index finger, and forearm.

21. Officers Jones, Johnson and Coddington's actions violated Mr. Miller's rights as defined under the Fourteenth Amendment of the U.S. Constitution to refrain from using excessive force constituting cruel and unusual punishment.

WHEREFORE, Plaintiff prays for an order granting the following relief against Officers Jones, Johnson and Coddington, in their individual capacities:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial; and

(c) costs, attorneys' fees, and any other relief this Court deems appropriate.

### COUNT II
### (Against Dr. Stein in her individual capacity)

22. Plaintiff realleges and incorporates paragraphs 1-3, 9-11 and 12-13 above as stated fully herein.

23. On or about July 3, 2007, Mr. Miller first arrived at CCDOC and informed Dr. Stein that he had been prescribed and had been taking psychiatric medications for years, and that he had been hospitalized following a previous suicide attempt. Mr. Miller requested that psychiatric medications be provided to him during his time at CCDOC.

24. Upon information and belief, at all relevant times, Dr. Stein was on duty as a mental health professional, and was acting within the scope of her authority to provide mental health services on behalf of Cook County.

25. Dr. Stein refused to provide Mr. Miller with the requested psychiatric medications despite having performed no independent medical or psychiatric evaluation of Mr. Miller and despite her having actual knowledge that Mr. Miller had been prescribed psychiatric medications in the past and despite Mr. Miller's obvious and objectively serious need for psychiatric medications.

26. Dr. Stein's refusal to provide Mr. Miller with the previously prescribed medications or even to evaluate Mr. Miller's mental health was done with deliberate indifference.

27. Mr. Miller repeated his requests to Dr. Stein for psychiatric medications throughout the fall of 2007, but each request was denied.

28. On October 18, 2007, Mr. Miller was feeling depressed and attempted suicide by taking an overdose of pills that were in his cell.  This overdose was caused, in part, by Dr. Stein's refusal to provide mental health treatment and/or psychiatric medication to Mr. Miller.

29. Mr. Miller was taken to Cermak Health Services where he underwent a mental health evaluation and was subsequently placed on psychiatric medications.

30. Dr. Stein acted with deliberate indifference in refusing to provide psychiatric medications to Mr. Miller for a period of over four months until after Mr. Miller attempted suicide, thereby violating his Fourteenth Amendment rights under the U.S. Constitution.

WHEREFORE, Plaintiff prays for an order granting the following relief:

(a) compensatory damages against Dr. Stein in an amount to be determined at trial;

(b) punitive damages against Dr. Stein in an amount to be determined at trial; and

(c) costs, attorneys' fees, and any other relief this Court deems appropriate.

## COUNT III
### (Against Dr. DeFuniak in his individual capacity)

31. Plaintiff realleges and incorporates paragraphs 1-3, 9-11, 13 and 27 above as stated fully herein.

32. On October 18, 2007, while at Cermak Health Services awaiting treatment for his drug overdose, Mr. Miller was beaten by Officers Jones and Johnson.

33. After the beating, the examining physician, Dr. DeFuniak, performed only a cursory evaluation of Mr. Miller's condition, and did nothing to treat Mr. Miller's recent drug overdose or the injuries from his recent beating. On information and belief, Dr. DeFuniak refused to treat Mr. Miller despite having actual knowledge that Mr. Miler had ingested an overdose of prescription drugs and that Mr. Miller had just been beaten by CCDOC officers. As a result of the beating, Mr. Miller was bleeding from the mouth and showed obvious and objectively serious signs of trauma that Dr. DeFuniak ignored with deliberate indifference.

34. Upon information and belief, Dr. DeFuniak was on duty as a medical professional, and was acting within the scope of his authority to provide medical services on behalf of Cook County.

35. Dr. DeFuniak's refusal to treat, or even physically examine, Mr. Miller was done with deliberate indifference, thereby violating Mr. Miller's Fourteenth Amendment rights under the U.S. Constitution.

WHEREFORE, Plaintiff prays for an order granting the following relief:

(a) compensatory damages against Dr. DeFuniak in an amount to be determined at trial;

(b) punitive damages against Dr. DeFuniak in an amount to be determined at trial; and

(d) costs, attorneys' fees, and any other relief this Court deems appropriate.

### COUNT IV
**(Against Cook County And Sheriff Dart For Injunctive Relief Only)**

36. Plaintiff realleges and incorporates paragraphs 1-13 and 15-20 above as if stated fully herein.

37. As a result of, and shortly after, the October 18, 2007 beating, Mr. Miller began experiencing severe neck pain that radiated down his left arm and numbness of his left thumb, index finger, and forearm that continues as of the date of this Complaint.

38. Mr. Miller complained to numerous CCDOC and Cermak Health Services staff persons, both orally and in writing, about his pain and discomfort resulting from the October 18, 2007 beating by Officers Jones and Johnson, but has not received any effective treatment for this condition.

39. Mr. Miller was informed by medical personnel at Cermak Health Services that his injuries could be nerve injuries and that he should be evaluated for treatment by a neurologist.

40. Mr. Miller has made numerous requests for such an evaluation by a neurologist, yet has been informed that it is the custom, practice and/or usage of Cook County to deny such requests because there is no neurologist on site.

41. Mr. Miller's injuries are substantial and objectively serious. Any further delay in seeking a neurological evaluation could cause him severe or irreparable harm.

42. Mr. Miller's remedies at law are inadequate as they will not provide him with the neurological evaluation that he needs.

43. Cook County's refusal to provide Mr. Miller with a neurological examination, for painful and continuing injuries caused by his brutal beating at the hands of Officers Jones and Johnson, rises to the level of a constitutional violation under the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for an order granting an injunction compelling Cook County and Sheriff Dart to have Mr. Miller examined and evaluated by a neurologist at their expense, and to award costs, attorneys' fees, and/or any other relief the Court deems necessary.

## COUNT V
### (Against Cook County, Cermak Health Services, Sheriff Dart, Jones, Johnson, Coddington, Dr. Stein and Dr. DeFuniak in their official capacities)

44. Plaintiff realleges and incorporates all paragraphs above as if stated fully herein.

45. On or about July 11, 2008 the United States Department of Justice concluded an exhaustive investigation of the CCDOC and Cermak Health Services, and issued a written report finding, *inter alia*, that:

   a. Inmates at the Cook County Jail are regularly subjected to inappropriate and excessive use of physical force by prison guards (as one top security administrator frankly put it, there was a "culture of abusing inmates");

   b. Cook County and Sheriff Dart fail to provide adequate oversight of officers' systematic use of excessive force against inmates;

   c. Cook County and Sheriff Dart fail to provide adequate medical care to inmates with serious medical needs;

   d. The policy governing mental health screening at the Cook County Jail is inadequate; inmates are not properly screened at intake for serious medical conditions, including mental illness and risk of suicide;

   e. Cook County's own Director of Psychiatric Services acknowledged that the mental health screening process at the Cook County Jail was flawed and that the medical records operation was grossly inadequate;

   f. Inmates who go untreated due to this deficient mental health screening process may suffer from a worsening of symptoms, including suicidal thoughts;

   g. Inmates routinely do not receive medications as prescribed or have lapses in medication administration; and

  h. Sheriff Dart's written policy on suicide prevention fails to ensure appropriate management of suicidal inmates and lacks major components of an adequate suicide prevention program.

46. A true and correct copy of the Department of Justice's Report on the Cook County Jail is attached hereto as Exhibit A and incorporated herein by reference.

47. These Department of Justice's findings are consistent with Mr. Miller's allegations. He too was subjected to excessive force by prison guards, inadequately screened at intake for mental illnesses, denied necessary psychiatric medications leading to his suicide attempt, and subsequently denied adequate medical care for his suicide attempt and injuries.

48. Based on the findings of the Department of Justice, each of the named Defendants were executing Cook County's and/or Sheriff Dart's pattern, practice, custom and/or policies concerning excessive force and denial of adequate medical care when they committed the actions and inactions against Mr. Miller alleged herein.

49. As a result of their pattern, practice, custom and/or policies that allow for use of excessive force against inmates and allow for the denial of treatment for inmates' serious medical conditions, Cook County and Sheriff Dart are liable to Plaintiff for his injuries.

WHEREFORE, Plaintiff prays for an order granting the following relief:

(a) compensatory damages against all Defendants, in their official capacities, in an amount to be determined at trial;

(b) costs and attorneys' fees, and

(c) any other relief this Court deems appropriate.

## **REQUEST FOR JURY TRIAL**

Mr. Miller requests a jury trial pursuant to Federal Rule of Civil Procedure 38(a) on all claims for which a jury trial is available.

Dated:  August 28, 2008 Respectfully submitted,

By:   /s Henry Pietrkowski
Henry Pietrkowski (IL #6230048)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone:   +1 312 207 1000
Facsimile:   +1 312 207 6400

*Counsel for Plaintiff* Jimmy Dale Miller